UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAUL S. HENDERSON, ) | 1:14CV2557 |
| ) | |
| Petitioner ) | |
| ) | JUDGE JAMES S. GWIN |
| v. ) | (Mag. Judge Kenneth S. McHargh) |
| ) | |
| JASON BUNTING, ) | |
| Warden, ) | |
| ) | |
| Respondent ) | MEMORANDUM |
| ) | <u>AND ORDER</u> |

McHARGH, MAG. JUDGE

The petitioner Paul S. Henderson ("Henderson") has filed a petition pro se for a writ of habeas corpus, arising out of his 2009 and 2010 convictions for drug trafficking, drug possession, and other crimes, in the Cuyahoga County (Ohio) Court of Common Pleas. In his petition, Henderson raises six grounds for relief:

1. The trial court [erred] to the prejudice of Petitioner in violation of his fourth Amendment right to be free from illegal seizure of a person and Properties.

2. The trial court [erred] to the prejudice of Petitioner in violation of his fifth Amendment right against self incrimination.

3. Trial Counsel was not effective, and had Counsel been Counsel as Guaranteed under the Sixth [Amendment] the outcome would have been different.

4. Being wrongfully imprisoned for operating a legitimate Business was Cruel and Unusual Punishment because it violated the Eighth Amendment.

    5. The cumulative effect of Claims I through IV Denied Petitioner Due Process in violation of his fourteenth Amendment.

    6. Insufficient, evidence in violation of the 5th, and 14th Amendments of the United States Constitution, and NO authority or jurisdiction of law to do so.

(Doc. 1, § 12.)

The respondent has not yet filed a Return of Writ. (Doc. 6, 9.) Currently before the court are several motions filed by Henderson.

## I. MOTION TO CONSOLIDATE

Henderson has filed a "Motion to Consolidate Both State Criminal Cases of CR-09-520709 & CR-09-530899." (Doc. 3.) Henderson notes that he had filed a previous habeas petition[1] in this court, which was dismissed, but he states that now "all state remedies have been exhausted." (Doc. 3, at 1.) Henderson contends that "all claims are the same in both state cases," and moves this court to "consolidate both state criminal cases at bar." (Doc. 3, at 2.)

Henderson's petition, as filed, challenges two separate state convictions, judgments dated September 30, 2009, and June 16, 2010, in the Cuyahoga County (Ohio) Court of Common Pleas. (Doc. 1, at § 2.) The petition states that the Ohio court of appeals affirmed the lower court's judgment on March 15, 2012. (Doc. 1, at § 9(c).)

---

[1] *Henderson v. Beightler*, No. 1:11CV0086 (N.D. Ohio Apr. 6, 2011) (Doc. 8, Memorandum of Opinion and Order of dismissal).

In case number CR-09-520709, Henderson was indicted on Feb. 6, 2009, and sentenced on Aug. 17, 2009. He pled guilty to one count of drug trafficking, and did not file a timely direct appeal. In case number CR-09-530899, Henderson was indicted on Dec. 10, 2009, and was found by a jury to be guilty of drug trafficking, drug possession, and possession of criminal tools. He was sentenced on June 8, 2010. His conviction was affirmed on appeal. See generally State v. Henderson, No. 100374, 2014 WL 2466106 (Ohio Ct. App. May 29, 2014); State v. Henderson, No. 95655, 2012 WL 892905 (Ohio Ct. App. March 15, 2012). It does not appear that these criminal cases were consolidated by the state[2], and this court has no power to "consolidate both state criminal cases."

As to his habeas petition in federal court, Henderson's motion is moot. Without the benefit of briefing or arguments by the parties, it would appear that Henderson is not barred from presenting challenges to two separate state convictions in a single petition for habeas corpus. See, e.g., Hardemon v. Quarterman, 516 F.3d 272, 276 (5th Cir. 2008); Jamison v. Jones, No. 06-6145, 2006 WL 2556385, at *1 (10th Cir. Sept. 6, 2006); Cousin v. Savage, No. 00-15378,

---

[2] The Ohio Court of Appeals has found Henderson to be a "vexatious litigator," who is "prohibited from instituting any future legal proceedings in the Eighth District Court of Appeals without first obtaining leave." *See State v. Henderson*, No. 100374, 2014 WL 2466106, at *3 (Ohio Ct. App. May 29, 2014) (Henderson filed ten appeals and eighteen original actions since 1999).

2002 WL 1417104, at *1 (9th Cir. July 1, 2002). The respondent has not yet filed its Return of Writ, and the issue may or may not be raised therein.

However, as the petition currently stands, Henderson raises challenges to both his 2009 and 2010 convictions. Thus, his motion to consolidate, as it may regard his habeas petition, is moot.

Henderson's Motion to Consolidate Both State Criminal Cases (doc. 3.) is DENIED as moot.

## II. "MOTION TO MOVE FORWARD"

Henderson has also filed a "Motion to Move Forward on this Petition, and Objections to the Magistrate Recommendations." (Doc. 7.) Henderson states that the magistrate judge's "report" of November 18, 2014, shocked the conscience of the petitioner, and violated the Eighth Amendment, where he has proved the constitutional violations by a preponderance of the evidence. Henderson moves the court to grant his request for "immediate release and discharge as clearly required under a Writ of Habeas Corpus." (Doc. 7, at [2].)

Henderson is apparently referring to the court's initial order, which set forth a fairly standard schedule of dates for the filing of the Return of Writ and his Traverse. (Doc. 6.) These documents have not yet been filed, thus the court is not in the position to rule on the merits, if any, of the petition. The court points out that the intention of the Initial Order is precisely to move the petition forward.

The court also notes that habeas relief is not granted simply because a prisoner files a petition for a writ of habeas corpus. Rather, the court considers the petition, and the briefings filed by the parties pro and con, before making a recommendation on the relief sought. 28 U.S.C. § 2254(d).

The Motion to Move Forward (doc.7) is DENIED.

### III. MOTION TO SET BOND

Finally, Henderson has filed a "Motion to Convey, to Set Hearing, and to Set Bail/Bond Pending Outcome of Hearing in Case at Bar." (Doc. 8.) Henderson is incarcerated because he was found guilty of several criminal offenses, and his conviction was upheld on direct appeal. Henderson, 2012 WL 892905. At this point in the proceedings, this court must accept that conviction as valid. As noted above, the parties have yet to brief their arguments on the grounds of Henderson's habeas petition.

The release of a state prisoner pending consideration of the merits of his petition is reserved for extraordinary circumstances. *Greenup v. Snyder*, No. 01-6572, 2003 WL 173097 (6th Cir. Jan. 23, 2003) (citing *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)). Because a habeas petitioner is attacking a presumptively valid state conviction, "it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits." *Lee*, 989 F.2d at 871.

In *Dotson v. Clark*, the Sixth Circuit stated:

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." There will be few occasions where a prisoner will meet this standard.

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (internal citations omitted). Thus, even if Henderson were able to demonstrate that his habeas claim was substantial, he would still have to show some exceptional circumstance "deserving of special treatment." Henderson's motion fails to establish any extraordinary circumstance.

The motion to set bond (doc. 8) is DENIED.

## IV. SUMMARY

Henderson's Motion to Consolidate Both State Criminal Cases (doc. 3.) is DENIED as moot; both convictions are already referenced in his habeas petition. The Motion to Move Forward (doc.7) is DENIED; the court's initial order has already set filing deadlines. The motion to set bond (doc. 8) is DENIED.

IT IS SO ORDERED.

Dated: Jan. 13, 2015 /s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge