UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAUL S. HENDERSON, | ) 1:14CV2257 |
| Petitioner | ) |
| | ) JUDGE JAMES S. GWIN |
| v. | ) (Mag. Judge Kenneth S. McHargh) |
| JASON BUNTING, | ) |
| Warden, | ) |
| Respondent | ) MEMORANDUM |
| | ) AND ORDER |

McHARGH, MAG. JUDGE

The petitioner Paul S. Henderson ("Henderson") has filed a petition pro se for a writ of habeas corpus, arising out of his 2009 and 2010 convictions for drug trafficking, drug possession, and other crimes, in the Cuyahoga County (Ohio) Court of Common Pleas. In his petition, Henderson raises six grounds for relief:

1. The trial court [erred] to the prejudice of Petitioner in violation of his fourth Amendment right to be free from illegal seizure of a person and Properties.

2. The trial court [erred] to the prejudice of Petitioner in violation of his fifth Amendment right against self incrimination.

3. Trial Counsel was not effective, and had Counsel been Counsel as Guaranteed under the Sixth [Amendment] the outcome would have been different.

4. Being wrongfully imprisoned for operating a legitimate Business was Cruel and Unusual Punishment because it violated the Eighth Amendment.

>   5.  The cumulative effect of Claims I through IV Denied Petitioner Due Process in violation of his fourteenth Amendment.
>
>   6.  Insufficient, evidence in violation of the 5th, and 14th Amendments of the United States Constitution, and NO authority or jurisdiction of law to do so.

(Doc. 1, § 12.)

The respondent has not yet filed a Return of Writ. (Doc. 6, 9.) Currently before the court are several motions filed by Henderson.

## I. MOTION FOR DEFAULT JUDGMENT

Henderson has filed a "Motion to Default Judgment and Issuance of a Return Writ of Habeas Corpus." (Doc. 11.) Henderson moves the court to grant his request for "immediate release and discharge" based on the grounds he has raised in his petition for a writ of habeas corpus, and supporting documents. (Doc. 11, at [1].)

The court's initial order set forth a fairly standard schedule of dates for the filing of the Return of Writ and his Traverse. (Doc. 6.) The respondent's Return of Writ is not yet due, thus the respondent is not in default. (Doc. 9.) As Henderson has already been informed (doc. 10, at 4-5), because these documents have not yet been filed, the court is not in the position to rule on the merits, if any, of the petition. The court notes (again) that habeas relief is not granted simply because a prisoner files a petition for a writ of habeas corpus. Rather, the court considers the petition, and the briefings filed by the parties pro and con, before making a recommendation on the relief sought. 28 U.S.C. § 2254(d).

The Motion for Default Judgment (doc.11) is DENIED.

## II. MOTION FOR PRELIMINARY INJUNCTION

Henderson has also filed a "Motion for a Preliminary Injunction." (Doc. 13.) Henderson again argues that his habeas petition in itself clearly establishes that he is actually innocent, thus the court should grant him release on bail. (Doc. 13, at [3], [8].) Henderson is incarcerated because he was found guilty of several criminal offenses, and his conviction was upheld on direct appeal. Henderson, 2012 WL 892905. At this point in the proceedings, this court must accept that conviction as valid. As noted above, the parties have yet to brief their arguments on the grounds of Henderson's habeas petition.

The release of a state prisoner pending consideration of the merits of his petition is reserved for extraordinary circumstances. *Greenup v. Snyder*, No. 01-6572, 2003 WL 173097 (6th Cir. Jan. 23, 2003) (citing *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)). Because a habeas petitioner is attacking a presumptively valid state conviction, "it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits." *Lee*, 989 F.2d at 871.

In *Dotson v. Clark*, the Sixth Circuit stated:

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." There will be few occasions where a prisoner will meet this standard.

3

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (internal citations omitted). Thus, even if Henderson were able to demonstrate that his habeas claim was substantial, he would still have to show some exceptional circumstance "deserving of special treatment." Henderson's motion fails to establish any extraordinary circumstance.

The motion for preliminary injunction (doc. 13) is DENIED.

### III. SUMMARY

Henderson's Motion for Default Judgment (doc.11) is DENIED. The motion for preliminary injunction (doc. 13) is DENIED.

IT IS SO ORDERED.

Dated:  Feb. 18, 2015                         /s/ Kenneth S. McHargh
                                              Kenneth S. McHargh
                                              United States Magistrate Judge