UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                          :
PAUL S. HENDERSON,                                        :
                                                          :          CASE NO. 14-CV-2257
            Petitioner,                                   :
                                                          :
vs.                                                       :          OPINION AND ORDER
                                                          :          [Resolving Docs. 1, 22]
JASON BUNTING, Warden,                                    :
                                                          :
            Respondent.                                   :
                                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Petitioner Paul Henderson seeks habeas relief under 28 U.S.C. § 2254.[1] Magistrate Judge

McHargh recommends dismissing Henderson's petition as untimely.[2] Petitioner Henderson

objects.[3] For the following reasons, this Court **OVERRULES** Petitioner Henderson's objections,

**ADOPTS** Magistrate Judge McHargh's Report and Recommendation, and **DISMISSES**

Petitioner Henderson's § 2254 habeas petition.

## I. Background

    Petitioner seeks habeas relief from two separate drug trafficking convictions.[4] First, on

February 6, 2009, an Ohio grand jury indicted petitioner for drug trafficking and related charges.

Petitioner pleaded guilty on June 16, 2009. The Cuyahoga County Common Pleas Court

sentenced Petitioner on August 19, 2009. On September 30, 2009, the court resentenced

Petitioner. Petitioner did not timely appeal this conviction.

---

[1] Doc. 1.
[2] Doc. 24.
[3] Doc. 28. Because Petitioner's second set of objections are successive and untimely, this Court need not consider them. *See* Doc. 29.
[4] This Court relies on the state court records, Docs. 15-1, 15-2, and 15-3, and the Report and Recommendation, Doc. 24, for the procedural history of Petitioner's cases.

Case No. 14-cv-2257
Gwin, J.

In the second case, on December 10, 2009, an Ohio grand jury indicted Petitioner of drug

trafficking. After a trial, on June 15, 2010, a jury convicted Petitioner of the trafficking charge

and related charges. On June 16, 2010, the Cuyahoga County Court of Common Pleas entered

Petitioner's sentence.

In September 2010, Petitioner moved for leave to file a delayed appeal from this second

trafficking conviction. On September 7, 2010, the Ohio court of appeals granted Petitioner's

motion. On March 15, 2012, the court of appeals affirmed Petitioner's conviction.

In May 2012, Petitioner appealed the court of appeals' decision from the second

trafficking conviction to the Ohio Supreme Court. On September 5, 2012, the Ohio Supreme

Court declined jurisdiction over Petitioner's appeal. Petitioner did not seek United States

Supreme Court review.

Petitioner filed several motions, all eventually denied, after the Ohio Supreme Court's

September 2012 decision. These include a September 10, 2012 "Motion to Suspend Execution of

Sentence,"[5] a September 17, 2012 "Application for Reconsideration and En Banc Review,"[6] and

a May 7, 2013 "Application for Reopening" under Ohio App. R. 26(B).[7] The Ohio Supreme

Court denied Petitioner's App. R. 26(B) application on June 29, 2013.[8]

Since April 2013, Petitioner has filed numerous unsuccessful motions challenging both of

the above convictions.[9]

On October 10, 2014, Petitioner filed his § 2254 petition seeking relief from both

trafficking convictions.[10] On January 18, 2015, Petitioner moved for summary judgment and

---

[5] Doc. 15-2 at 33.
[6] *Id.* at 39.
[7] *Id.* at 64.
[8] *Id.* at 168.
[9] *See generally* Doc. 15-3 at 7–213.
[10] Doc. 1.

Case No. 14-cv-2257
Gwin, J.

requested an evidentiary hearing.[11] On January 8, 2016, Magistrate Judge McHargh filed the

Report and Recommendation.[12] The Report and Recommendation recommended finding

petitioner's habeas petition to be untimely as to both of his challenged convictions.

On January 25, 2016, Petitioner objected to the Report and Recommendation.[13] On

February 8, 2016, Petitioner untimely filed a motion for supplemental objections.[14]

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a de novo review only of

those portions of the R&R to which the parties have properly objected.[15] A district court may

adopt without review parts of the R&R to which no party has objected.[16]

The Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA")[17] controls

habeas review of state court proceedings. A Petitioner seeking relief under § 2254 must file his

petition within one year of the date on which his state court conviction became final, subject to

tolling.[18] The conviction becomes final "by the conclusion of direct review or the expiration of

the time for seeking such review."[19]

The limitations period is tolled while "properly filed" state post-conviction or collateral

proceedings are pending.[20] An untimely or otherwise improper application for post-conviction or

collateral review is not considered "properly filed" and does not toll the statute of limitations.[21]

---

[11] Doc. 22.
[12] Doc. 24.
[13] Doc. 28.
[14] Doc. 29.
[15] 28 U.S.C. § 636(b)(1).
[16] *Thomas v. Arn*, 474 U.S. 140, 149 (1985).
[17] 28 U.S.C. § 2241 et seq.
[18] *Carey v. Saffold*, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).
[19] 28 U.S.C. § 2244(d)(1)(A).
[20] *Souter v. Jones*, 395 F.3d 577, 585 (6th Cir. 2005); *Searcy v. Carter*, 246 F.3d 515, 517–18  (6th Cir. 2001) *cert.*
*denied*, 534 U.S. 905 (2001); 28 U.S.C. § 2244(d)(2).
[21] *Allen v. Siebert*, 552 U.S. 3 (2007) (per curiam).

Case No. 14-cv-2257
Gwin, J.

### III. Discussion

This Court agrees with the Report and Recommendation that Petitioner Henderson's habeas petition is untimely as to both state court convictions. The first case, indicted February 6, 2009, became final on October 30, 2009 after the petitioner did not appeal this conviction within 30 days of the September 30, 2009 resentencing.[22] The AEDPA one-year statute of limitations expired in October 2010, nearly four years before Petitioner filed his § 2254 habeas petition.

As to the second trafficking conviction, the one-year statute of limitations began to run on December 4, 2012, 90 days after the Ohio Supreme Court declined jurisdiction over Petitioner's delayed appeal. The statute of limitations was properly tolled for 59 days during the pendency of Petitioner's April 17, 2013 motion to correct sentence. However, none of Petitioner's following motions were "properly filed" under AEDPA. Therefore, these motions did not toll the statute of limitations for filing a § 2254 petition.[23] For the second conviction, the one-year AEDPA statute of limitations expired on January 23, 2014, over ten months before Petitioner filed his § 2254 petitions.

Construing Petitioner's objections liberally, Petitioner argues that the April 17, 2013 and later motions were properly filed and therefore tolled the statute of limitations period enough to make his § 2254 petition timely. This argument loses.

Since April 17, 2013, Henderson filed six motions to vacate or dismiss.  The motions were largely repetitive of one another and the state trial court denied all of them. On appeal, the Ohio court of appeals noted that "[e]very one of Henderson's current arguments were already addressed by this court in Henderson's direct appeal and found to be without merit . . . . There

---

[22] *DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006) (citing Ohio App. R. 4(A)).

[23] 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). By implication, improperly filed applications for post-conviction or collateral review will not toll the statute of limitations.

Case No. 14-cv-2257
Gwin, J.

was no reasonable basis for filing the current appeal."[24] This Court agrees that these motions were frivolous and that Petitioner may not use frivolous motions to toll the one-year AEDPA statute of limitations.[25] Petitioner's habeas petition is barred by the AEDPA statute of limitations.

Even if Petitioner's § 2254 petition is not defaulted, Petitioner's objection "that the respondent(s) clearly acted in complete absence of all jurisdiction"[26] loses. "[A]lthough a federal habeas court can vacate a judgment of a state court acting without jurisdiction, the question of whether the state court in question had jurisdiction is a question of state law."[27] The Cuyahoga County Common Pleas Court is a court of general jurisdiction, with original jurisdiction over criminal matters.[28]

Petitioner argues that a defect in the indictment in his cases deprived the state trial court of jurisdiction. A conviction arising from a defective indictment "is not void for lack of subject matter jurisdiction, but, instead, merely voidable on a direct appeal from that judgment of conviction."[29] To the extent Petitioner fairly raised his lack of jurisdiction argument on direct appeal, the Ohio courts rejected this argument and declined to void Petitioner's conviction. Petitioner's § 2254 petition raises no flaws in his underlying trial which would deprive the state trial court of subject-matter jurisdiction.

The rest of Petitioner's objection on this point is best understood as an actual innocence argument. Petitioner essentially alleges that the police and the trial court acted in concert to hold

---

[24] Doc 15-3 at 194.
[25] *Garner v. Gansheimer*, No. 1:09CV00874, 2010 WL 547482, at *5 (N.D. Ohio Feb. 10, 2010).
[26] Doc. 28.
[27] *Taylor v. Brunsman*, No. 3:10-CV-044, 2010 WL 2465373, at *5 (S.D. Ohio May 11, 2010) *report and recommendation adopted*, No. C-3:10-CV-044, 2010 WL 2465372 (S.D. Ohio June 10, 2010).
[28] Ohio Const. Art. IV, § 4 ("The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law.").
[29] *State v. Shie*, 2008-Ohio-350, ¶ 54, 2008 WL 296395 at *5 (Ohio 2008) (citing *Midling v. Perrini*, 236 N.E.2d 557 (Ohio 1968)).

-5-

Case No. 14-cv-2257
Gwin, J.

a "sham" trial for petitioner and that Petitioner is actually innocent. This argument also loses. In

the first case, petitioner pled guilty to the trafficking charges. In the second, a jury found

Petitioner guilty of the trafficking charges after a trial. Petitioner does not bring any new

evidence to demonstrate his innocence. This Court will not disturb a jury verdict absent a

sufficient showing of new evidence, unavailable at the time of trial, that demonstrates

Petitioner's innocence.

### IV. Conclusion

For the foregoing reasons, this Court **OVERRULES** Petitioner Henderson's objections.

This court **ADOPTS** Magistrate Judge McHargh's Report and Recommendation and

incorporates it fully herein by reference. This Court **DISMISSES** Petitioner Henderson's § 2254

habeas petition.  Moreover, this Court certifies that no basis exists upon which to issue a

certificate of appealability.[30]


IT IS SO ORDERED.


Dated:  March 4, 2016                                          s/          *James S. Gwin*
                                                                         JAMES S. GWIN
                                                                         UNITED STATES DISTRICT JUDGE

---

[30] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).