UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
PAUL S. HENDERSON,                   :        CASE NO. 1:14-CV-2257
                                     :
           Petitioner,               :
                                     :
     vs.                             :        OPINION & ORDER
                                     :        [Resolving Doc. Nos. 1, 15, 17
JASON BUNTING, Warden,               :        34, 35, 36, 37, 39]
                                     :
           Respondent.               :
                                     :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Court considers Petitioner's habeas corpus petition after the Sixth Circuit's remand. On April 17, 2017, the Sixth Circuit vacated this Court's denial of Petitioner's habeas corpus petition as time-barred as it relates to his 2010 conviction.[1]

Earlier, this Court had denied Henderson's habeas petition for a 2009 state court drug conviction. This Court denied Henderson a certificate of appealability for that decision and the Court of Appeals agreed.

The Court now considers the six grounds for relief that Petitioner asserts in his habeas corpus petition with regard to his 2010 conviction. For the following reasons, the Court denies Henderson's habeas petition regarding his 2010 conviction and **DISMISSES** Henderson's petition as it relates to his 2010 conviction.[2]

---

[1] Doc. 33.
[2] Because the Court dismisses Henderson's petition, the Court also **DENIES** as moot Henderson's Petition to Vacate Conviction(s) for Judgment (Doc. 36); Motion for Summary Judgment (Doc. 39); and other requests for a stay, emergency hearing, and other relief (Docs. 34, 37).

Case No. 1:14-cv-2257
Gwin, J.

## I. BACKGROUND

On June 15, 2010, a state court jury convicted Petitioner Henderson of drug trafficking, drug possession, and possession of criminal tools.[3] The next day, the Cuyahoga County Court of Common Pleas sentenced Petitioner.[4]

In September 2010, Petitioner moved for leave to file a delayed appeal from this trafficking conviction.[5] The Ohio Eighth District Court of Appeals granted Petitioner's motion on September 7, 2010.[6] And on March 15, 2012, the court of appeals affirmed Petitioner's conviction.[7]

In a habeas corpus case from a state court judgment, the Court presumes that state court factual findings are correct.[8] The presumption of correctness also applies to factual findings made by a state appellate court based on the trial record.[9]

The Eighth District Court of Appeals summarized the background regarding Petitioner's 2010 conviction:

> {¶ 2} On December 10, 2009, appellant was named in a three-count indictment charging him with trafficking in marijuana in excess of 20,000 grams, in violation of R.C. 2925.03(A)(2), a felony of the second degree; drug possession in excess of 20,000 grams of marijuana, in violation of R.C. 2925.ll(A), a felony of the second degree; and possession of criminal tools, in violation of R.C. 2923.24(A), a felony of the fifth degree.
>
> {¶ 3} Appellant's jury trial commenced on June 4, 2010. The following testimony was presented at trial.
>
> {¶ 4} Paulette Gentry testified that she was employed by Town Air Freight as a shift supervisor and dispatcher. Gentry stated that on September 9, 2009, she noticed a package that aroused her suspicions because it reminded her of a 2008 instance where authorities discovered a large quantity of marijuana in a package that had been delivered for pickup by appellant. With those suspicions in mind,

---

[3] Doc. 15-1, Ex. 8.
[4] *Id.*, Ex. 9.
[5] Doc. 15-1, Exs. 10-11.
[6] *Id.*, Ex. 12.
[7] *Id.*, Ex. 20.
[8] 28 U.S.C. § 2254(e)(1).
[9] *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007).

> Gentry immediately contacted Deputy Anthony Quirino, whom she knew as a K-9 officer with the sheriff's office from the 2008 investigation of appellant.
>
> {¶ 5} Deputy Anthony Quirino testified that he was a K-9 handler and deputy with the Cuyahoga County Sheriff's Office. Deputy Quirino testified that he and his dog, Hugo, responded to a call from Town Air Freight that they possessed a suspicious package. Deputy Quirino testified that Hugo went directly to the suspicious package and signaled that it contained drugs. Subsequently, the package was taken to the police department for inspection. Upon obtaining a search warrant, Deputy Quirino inspected the package and confirmed that it contained approximately 60 pounds of marijuana, worth an estimated $60,000. The package was then returned to Town Air Freight for a "controlled delivery," and appellant was informed that his package was ready to be picked up.
>
> {¶ 6} Appellant's girlfriend, Patricia Casey, testified that on September 24, 2009, appellant drove her to the Town Air Freight warehouse and instructed her to go into the warehouse and sign for a package. Casey testified that the invoice identified "Paul Anderson" as the recipient and indicated that the package contained auto parts. Casey testified that she went into Town Air Freight and signed her name for appellant's package, and the package was loaded into appellant's van by a Town Air Freight employee.
>
> {¶ 7} Deputy Ben Meder of the Cuyahoga County Sheriff's Department testified that he was assigned by his department to conduct surveillance of appellant's vehicle. Deputy Meder testified that unmarked police vehicles followed appellant once he left Town Air Freight with the package. After appellant dropped Casey off at her home, police officers stopped appellant's vehicle and arrested him. A cell phone and $21 in cash was found on appellant, and officers retrieved a second cell phone from appellant's vehicle.
>
> {¶ 8} On June 7, 2010, the jury found appellant guilty of all counts. At his sentencing hearing, the trial court concluded that the possession and trafficking convictions were allied offenses, and the state elected to pursue sentencing on appellant's drug trafficking conviction. Appellant was sentenced to an aggregate nine-year term of imprisonment, a $7,750 fine, court costs, driver's license suspension, and the forfeiture of two cell phones.[10]

In May 2012, Petitioner appealed the court of appeals' conviction affirmance to the Ohio Supreme Court.[11] On September 5, 2012, the Ohio Supreme Court declined jurisdiction over

---

[10] Doc. 15-1, Ex. 20 at ¶¶ 2-8.
[11] *Id.*, Ex. 22.

Petitioner's appeal.[12] Petitioner did not seek United States Supreme Court review. Petitioner filed several motions after the Ohio Supreme Court's September 2012 decision to deny review.[13]

On October 10, 2014, Petitioner filed his § 2254 petition seeking relief from two trafficking convictions, one of which is the 2010 conviction at issue here.[14] The Court previously held that Henderson's petition based on both convictions was time-barred.[15] The Sixth Circuit vacated the Court's decision as it relates to Petitioner's 2010 conviction and remanded this case for further proceedings.[16] The Court now considers Petitioner's six grounds of relief based on his 2010 conviction:

(1) Violation of Fourth Amendment right against illegal seizure;
(2) Violation of Fifth Amendment right against self-incrimination;
(3) Ineffective assistance of trial counsel;
(4) Eighth Amendment violation;
(5) Cumulative errors from Grounds One through Four; and
(6) Insufficient evidence to convict.[17]

## II. LEGAL STANDARD

**A. Procedural Bar to Review: Procedural Default**

A federal court may not reach the merits of claims that a state prisoner procedurally defaulted, absent either a showing of cause and prejudice or a finding of actual innocence.[18]

The Sixth Circuit uses a three-step analysis to determine whether a claim is procedurally defaulted.[19] Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule; (2) whether the state courts actually enforced the state procedural

---

[12] Doc. 15-2, Ex. 30.
[13] *See* Doc. 15-2, Exs. 31, 32, 36, 50-72.
[14] Doc. 1.
[15] Doc. 31.
[16] Doc. 33.
[17] Doc. 1. The government filed a return of writ. Doc. 15. Petitioner Henderson responded. Doc. 17. Petitioner Henderson also filed (1) a notice of petitioner's acceptance and agreement to respondent's agreement of response to disclose evidence (Doc. 35); and (2) a petition for judicial notice and stare decisis in connection with this petition (Doc. 37).
[18] *Reed v. Farley*, 512 U.S. 339, 354-55 (1994); *Williams v. Anderson*, 460 F.3d 789, 805-06 (6th Cir. 2006).
[19] *Maupin v. Smith*, 785 F.2d 135, 138-39 (6th Cir. 1986).

Case No. 1:14-cv-2257
Gwin, J.

sanction; and (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review.[20]

The Court may excuse a petitioner's procedural default if the petitioner shows "cause" for the procedural default and "actual prejudice" from the alleged error.[21] "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply with the state procedural rule.'"[22] A petitioner may prove prejudice if they show "that the trial was infected with constitutional error."[23] "The burden is on the petitioner to show that he was prejudiced by the alleged constitutional error."[24] It is not necessary, however, to resolve the issue of prejudice if a petitioner has not shown cause.[25]

**B. Substantive Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[26] governs a federal court's review of a state prisoner's habeas corpus petition. AEDPA limits federal review to those claims in which a petitioner contends that he is in custody in violation of the Constitution, laws, or treaties of the United States.[27] AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[28]

---

[20] *Id.*
[21] *Id.*
[22] *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).
[23] *Id.*
[24] *Maupin,* 785 F.2d at 139.
[25] *See Smith v. Murray*, 477 U.S. 527, 533 (1986).
[26] Pub. L. No. 104-132, 110 Stat. 1214 (1996).
[27] 28 U.S.C. § 2254(a).
[28] 28 U.S.C. § 2254(d); *see also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

Case No. 1:14-cv-2257
Gwin, J.

To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision."[29] Meanwhile, under the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[30]

Since the Petitioner is proceeding *pro se*, "his pleadings are held to a less stringent standard than those prepared by an attorney and are liberally construed in his favor."[31]

### III. ANALYSIS

**A. Ground One (Fourth Amendment) is procedurally defaulted and also fails on the merits.**

Petitioner Henderson claims that his Fourth Amendment right to be free from illegal search and/or seizure was violated. This claim is procedurally defaulted. And even if the claim were not procedurally defaulted, Henderson's Fourth Amendment claim loses.

**1. Procedural Default**

As previously noted, the Sixth Circuit uses a three-step analysis under *Maupin* to determine whether a claim is procedurally defaulted.[32]

Under the first prong of the *Maupin* test, there is no dispute that Henderson failed to raise this claim under the applicable Ohio time period. Under Ohio Rule of Criminal Procedure 12(C)(3), the suppression of evidence must be raised in a pretrial motion.[33] Here, Henderson never

---

[29] *Miller*, 269 F.3d at 614 (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).
[30] *Williams*, 529 U.S. at 413; *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).
[31] *Humphreys v. United States*, 238 F. App'x 134, 138 (6th Cir. 2007) (citations and internal quotations omitted).
[32] *Maupin*, 785 F.2d at 138-39.
[33] Ohio Crim. R. 12(C)(3).

challenged the search and seizure before his trial.[34] As a result, the first prong of the *Maupin* test is satisfied.

The second prong of the test is also satisfied. The Ohio court of appeals deemed that Henderson had waived merit review of this claim because of Henderson's failure to challenge the search before trial. The Ohio Court of Appeals ruled that Henderson did not satisfy Ohio Rule 12(C)(3) and thus "removed [the claim] from [their] consideration."[35] Thus, the state court enforced the procedural rule on direct review.

The third prong of the *Maupin* test – adequate and independent state grounds – is also met. Because Ohio state law considers the failure to move to suppress under Rule 12(C)(3) to be a waiver,[36] it is an expression of the state's contemporaneous objection rule. The Sixth Circuit, in turn, has held that Ohio's contemporaneous objection rule is an adequate and independent state ground for purposes of procedural default.[37] Accordingly, the state court's enforcement of Rule 12(C)(3) here satisfies the third prong of the *Maupin* test.[38]

Since the Petitioner's claim of a Fourth Amendment violation is procedurally defaulted, the Court must reject his petition unless Henderson succeeds in showing "cause" and "actual" prejudice.[39] In making this showing, "[h]abeas petitioners cannot rely on conclusory assertions of cause and prejudice to overcome procedural default."[40] "[T]hey must present affirmative evidence or argument as to the precise cause and prejudice produced."[41]

---

[34] Doc. 15-1, Ex. 20 at 6-7.
[35] *Id.*
[36] *See State v. Campbell,* 630 N.E. 339, 348 (Ohio 1994); *State v. Davis,* 666 N.E.2d 1099, 1106 (Ohio 1996).
[37] *Nields v. Bradshaw,* 482 F.3d 442, 451 (6th Cir. 2007); *Keith v. Mitchell,* 455 F.3d 662, 673 (6th Cir.2006).
[38] *See Whatley v. Smith,* No. 1:08CV1632, 2009 WL 4282926, at *12 (N.D. Ohio Nov. 30, 2009).
[39] *Maupin,* 785 F.2d at 138-39.
[40] *Lundgren v. Mitchell,* 440 F.3d 754, 764 (6th Cir. 2006).
[41] *Id.*

Case No. 1:14-cv-2257
Gwin, J.

Even after liberally construing Henderson's petition, the Court finds that Petitioner failed to specifically state any cause or prejudice for his procedural default.[42]

Petitioner seems to argue that he suffered prejudice because he is actually innocent.[43] However, that is a separate inquiry from prejudice. In order for actual innocence to excuse Petitioner's procedural default, Petitioner must "present new evidence that shows that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[44] Petitioner fails to bring any new evidence to demonstrate his innocence.

Accordingly, the Court finds that the Petitioner procedurally defaulted on his first ground for relief.

**2. Failure on the Merits**

Alternatively, Petitioner's first ground for relief fails on the merits.

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."[45]

The Sixth Circuit employs a two-part inquiry to determine whether the State has provided an opportunity for full and fair litigation of Petitioner's Fourth Amendment claim. First, the "'[C]ourt must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a Fourth Amendment claim. Second, the Court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.'"[46]

---

[42] Docs. 1, 17.
[43] Doc. 17 at 16, 22.
[44] *Pudelski v. Wilson,* 576 F.3d 595, 606 n.2 (6th Cir.2009) (citation and internal quotations omitted); *Nesser v. Wolfe,* 370 F. App'x 665, 670 (6th Cir. 2010).
[45] *Stone v. Powell,* 428 U.S. 465, 494 (1976) (citation omitted).
[46] *Machacek v. Hofbauer,* 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray,* 674 F.2d 522, 526 (6th Cir. 1982)).

-8-

Case No. 1:14-cv-2257
Gwin, J.

First, the Sixth Circuit has stated that, in the abstract, Ohio Rule of Criminal Procedure 12 provides litigants with a full and fair opportunity to litigate Fourth Amendment claims.[47] Second, Petitioner failed to make this Fourth Amendment claim in his pretrial motion pursuant to Rule 12.[48] Thus, it is unclear whether Petitioner's presentation of his Fourth Amendment claim could have been frustrated.

As a result, even if Ground One were not procedurally defaulted, it fails on the merits.

## B. Grounds Two (Self-Incrimination) and Six (Insufficient Evidence) are procedurally defaulted and also fail on the merits.

Petitioner Henderson bases his second ground for relief on a violation of his Fifth Amendment right against self-incrimination. In his sixth ground for relief, Henderson claims that there was insufficient evidence to convict him, which violated his Fifth and Fourteenth Amendment rights.

Both claims are procedurally defaulted because Petitioner did not present either of these claims on direct appeal. But even if they were not procedurally defaulted, they both fail on the merits.

### 1. Grounds Two and Six are procedurally defaulted.

Under the same test detailed above, Henderson's second and sixth claims are also procedurally defaulted.

---

[47] *Riley*, 674 F.2d at 526.
[48] Doc. 15-1, Ex. 20 at 6-7.

Case No. 1:14-cv-2257
Gwin, J.

First, Henderson failed to present these two claims in any of his briefs during his direct appeal.[49] A petitioner may procedurally default a claim by failing to raise and pursue a claim through the state's "ordinary appellate review procedures."[50]

Second, the Court will assume that had the Ohio Supreme Court reviewed Petitioner's claims, it would have denied merits review because of Petitioner's failure to raise these claims earlier on direct appeal.[51]

And third, Ohio's procedural rule barring review of claims not previously asserted on direct appeal is an adequate and independent ground for purposes of procedural default.[52]

Finally, Petitioner has not met his burden of demonstrating why this procedural default should be excused. Like with Ground One, Petitioner also fails to state any specific cause or prejudice to excuse his Ground Two and Ground Six procedural default.

Thus, Grounds Two and Six are procedurally defaulted.

**2. Alternatively, Ground Two fails on the merits.**

Henderson's second ground for relief is based on a violation of his Fifth Amendment right against self-incrimination. Under Habeas Corpus Rule 2(c), Petitioner must "state the facts supporting each ground [for relief]."[53]

---

[49] *See* Doc. 15-1, Exs. 13, 15, 17, 19. With respect to Ground Six, Petitioner acknowledges that this claim was raised in an *Anders* brief. *Id.*, Ex. 15 at 2. However, this brief is no longer on file at the Cuyahoga County Court of Common Appeals. None of Petitioner's other appellate briefing on direct review addresses Ground Six.
[50] *Williams*, 460 F.3d at 806. Petitioner's attempt to raise Ground Two on discretionary review to the Ohio Supreme Court (Doc. 15-1, Ex. 24), does not cure this procedural default. Under Ohio law, failure to previously raise claims in lower appellate courts procedurally bars the Ohio Supreme Court from reviewing the merits of the claims. *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985), *cert. denied*, 474 U.S. 831 (1985) (citing *State v. Phillips*, 272 N.E.2d 347, 352 (1971)).
[51] *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).
[52] *Mapes v. Coyle*, 171 F.3d 408, 419 (6th Cir. 1999).
[53] *See also Mayle v. Felix*, 545 U.S. 644, 655 (2005).

Case No. 1:14-cv-2257
Gwin, J.

Here, Henderson fails to provide any specific explanation or description of how the police caused him to incriminate himself in violation of his Fifth Amendment right.[54] As a result, Henderson's second claim also fails on the merits.[55]

### 3. Alternatively, Ground Six fails on the merits.

In Henderson's sixth ground for relief, he claims that the State had insufficient evidence to convict him. Henderson seems to argue that the state court lacked jurisdiction to convict him because he was operating a legitimate delivery business.[56]

AEDPA requires this Court to "apply two layers of deference in reviewing habeas claims challenging evidentiary sufficiency."[57]

First, for sufficiency-of-the-evidence challenges, the Court must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[58] With this review, the Court cannot reweigh the evidence, re-evaluate the credibility of witnesses, or substitute its judgment for that of the jury.[59] A District Court is not permitted to overturn a conviction merely because it would have acquitted had it acted as the finder of fact.[60] If the Court finds that there is sufficient evidence with which to convict, the inquiry ends.[61] Otherwise, the court determines whether the Ohio appellate court's determination was "objectively unreasonable."[62]

---

[54] Docs. 1, 17.
[55] *See* Davis v. Bobby, No. 4:07-CV-02837, 2008 WL 339457, at *2 (N.D. Ohio Feb. 5, 2008) (dismissing habeas petition because Petitioner "failed to identify specific constitutional violations and completely omitted the facts supporting his claims for relief.").
[56] Doc. 17 at 9.
[57] *Moreland v. Bradshaw*, 699 F.3d 908, 916 (6th Cir. 2012).
[58] *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).
[59] *See United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993).
[60] *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir. 1983); *Pinchon v. Myers*, 615 F.3d 631, 643 (6th Cir. 2010).
[61] *See Pinchon*, 615 at 643.
[62] *Williams*, 529 U.S. at 409–10; *see also* 28 U.S.C. § 2254(d)(2); *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

The Court finds that the evidence is sufficient such that a rational trier of fact could find that Henderson was guilty of drug trafficking, drug possession, and possession of criminal tools.

Paulette Gentry, the freight supervisor and dispatcher at Towne Air Freight, testified that she believed the package she received was suspicious because it was similar to a package that contained marijuana and which Henderson picked up the previous year.[63] Henderson had pled guilty to marijuana possession after picking up that year earlier package.[64] When Gentry saw the same package again a year later, she contacted the police.[65]

Detective Anthony Quirino, the K-9 handler who responded to Gentry's call, testified that he obtained a search warrant for the package and conducted the investigation.[66] The K-9 alerted that the package contained drugs.[67] Detective Quirino also testified that the marijuana eventually found inside the package weighed 60 pounds and was conservatively valued at approximately $60,000.[68]

Patricia Casey, Henderson's girlfriend, testified that Henderson asked her to accompany him to pick up the package at issue at Towne Air Freight.[69] Casey testified that Henderson gave her the invoice and asked her to sign for the package and retrieve it.[70] At trial, she identified the invoice and her signature.[71] Casey was charged as a co-defendant, but pleaded guilty to a reduced charge and agreed to testify truthfully at Henderson's trial.[72]

---

[63] Doc. 16-2, Tr. at 302:1-318:18.
[64] *Id.*, Tr. at 388:13-24.
[65] *Id.*, Tr. at 302:1-318:18.
[66] *Id.*, Tr. at 382:24-401:7.
[67] *Id.*, Tr. at 384:12-386:22.
[68] *Id.*, Tr. at 396:16-397:1.
[69] *Id.*, Tr. at 266:19-269:18.
[70] *Id.*
[71] *Id.*, Tr. at 270:10-272:23.
[72] *Id.*, Tr. at 274:2-15.

Case No. 1:14-cv-2257
Gwin, J.

Lastly, two officers testified that they surveilled Henderson's van after he and Casey picked up the package and that Henderson had taken a circuitous route to avoid their detection until he was eventually arrested.[73] In addition to the marijuana in the package, officers found a cellphone and $21 in Henderson's possession upon his arrest.[74]

Petitioner argues that he was conducting a legitimate delivery business at the time of his arrest.[75] However, viewing the testimony in the light most favorable to the prosecution and not evaluating the credibility of the witnesses, the evidence is sufficient such that a rational trier of fact could find that Henderson is guilty of the charges brought against him.

Thus, Petitioner's sixth ground for relief fails on the merits, even it were not already procedurally defaulted.

**C. Ground Three (Ineffective Assistance of Counsel) fails on the merits.**

In his third ground for relief, Petitioner raises an ineffective assistance of counsel claim.

Under *Strickland v. Washington*, to make an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced the defense.[76] A petitioner alleging ineffective assistance of counsel bears "a heavy burden of proof."[77] Petitioner cannot satisfy this burden by making conclusory allegations unless supported by specific facts.[78]

---

[73] *Id.*, Tr. at 347:15-354:6; 365:6-373:7.
[74] *Id.*, Tr. at 397:2-400:11.
[75] Doc. 17 at 3, 13.
[76] 466 U.S. 668, 687 (1984).
[77] *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005); *see also Smith v. United States*, No. 5:06-CR-00310, 2010 WL 4362863, at *4 (N.D. Ohio Oct. 27, 2010).
[78] *United States v. Cronic*, 466 U.S. 648, 666 (1984) ("Respondent can therefore make out a claim of ineffective assistance only by pointing to specific errors made by trial counsel."); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (denying ineffective assistance counsel claim where petitioner's allegations were "merely conclusory").

-13-

Case No. 1:14-cv-2257
Gwin, J.

First, to prove deficient performance, a petitioner must identify *specific acts* that were "outside the wide range of professionally competent assistance."[79] When evaluating this prong, the Court is highly deferential when scrutinizing counsel's performance.[80] Second, Petitioner must generally show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[81] A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceedings.[82]

Even after liberally construing the petition in Henderson's favor, the Court finds that Petitioner has failed to satisfy either prong of his ineffective assistance of counsel claim. Petitioner does not identify any specific decisions or acts that were "outside the wide range of professionally competent assistance."[83] As a result, it is unclear whether or how Petitioner suffered prejudice due to counsel's performance.

Petitioner's third ground for relief fails on the merits.

**D. Ground Four (Eighth Amendment) fails on the merits.**

Petitioner Henderson also claims that his imprisonment is a violation of the Eighth Amendment because he was operating a legitimate business.[84] The state appellate court considered this claim on the merits.[85]

Thus, to obtain habeas relief on this claim, Henderson must demonstrate either that (1) the Supreme Court has held, in a case with facts materially indistinguishable from his own case, that a sentence such as his violates the Eighth Amendment; or (2) the state courts correctly identified the Eighth Amendment principles at issue in Henderson's case but unreasonably applied those

---

[79] *Strickland*, 466 U.S. at 690.
[80] *Id.* at 689.
[81] *Id.* at 694.
[82] *Id.*
[83] *Id.* at 690.
[84] Doc. 17 at 3, 12.
[85] Doc. 15-1, Ex. 20 at 10.

-14-

Case No. 1:14-cv-2257
Gwin, J.

principles to the facts of his case.[86] Either alternative requires Henderson to discover and present cases that resemble his.

Henderson cites no Supreme Court holding finding that a nine-year sentence imposed within the statutory framework for the appellant's felony conviction violates the Eighth Amendment. Henderson also does not cite any Supreme Court holding that would make the state courts' applications of Eighth Amendment principles to his own case unreasonable. For these reasons, Henderson's third ground for relief must also be dismissed as without merit.

**E. Ground Five (Cumulative Errors) fails on the merits.**

In his fifth ground for relief, Petitioner Henderson claims that cumulative errors deprived him of his due process right to a fair trial.

Claims of cumulative error are not cognizable grounds for habeas relief.[87] The Sixth Circuit has stated that "[t]he Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief."[88]

Moreover, as the Court notes above, the alleged errors do not cumulatively amount to a constitutional violation. Accordingly, the Court declines to grant relief to Petitioner Henderson on his fifth ground for relief.

---

[86] *See* 28 U.S.C. § 2254(d).
[87] *Millender v. Adams*, 376 F.3d 520, 529 (6th Cir. 2004).
[88] *Id.* (quoting *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002)).

## IV. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Henderson's petition.[89] Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and no basis exists upon which to issue a certificate of appealability.[90]

IT IS SO ORDERED.

Dated: August 24, 2017             *s/ James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE

---

[89] Because the Court dismisses Henderson's petition, the Court also **DENIES** as moot Henderson's Petition to Vacate Conviction(s) for Judgment (Doc. 36); Motion for Summary Judgment (Doc. 39); and other requests for a stay, emergency hearing, and other relief (Docs. 34, 37).

[90] *See* 28 U.S.C. 2253(c); Fed. R. App. P. 22(b).