UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

PAUL S. HENDERSON,

    Petitioner,

vs.

LYNEAL WAINWRIGHT,

    Respondent.

CASE NO. 1:14-cv-2257

ORDER
[Resolving Doc. 49]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

For the second time, Petitioner Paul Henderson seeks relief under Federal Rule of Civil Procedure 60(b) from the Court's August 24, 2017 decision denying his 28 U.S.C. § 2254 habeas corpus petition.[1] For the reasons stated below, the Court finds this motion is a successive § 2254 petition, and **TRANSFERS** it to the Sixth Circuit for consideration.

## I. Background

The relevant background is recounted in this Court's order transferring Henderson's first successive habeas petition.[2] In sum, in 2009, Petitioner Henderson pled guilty to drug trafficking in state court.[3] Later, in 2010, a state-court jury found Henderson guilty of drug trafficking, drug possession, and possession of criminal tools.[4] In 2012, the Ohio Court of Appeals affirmed the convictions.[5] The Ohio Supreme Court declined to hear Henderson's appeal.[6]

On October 9, 2014, Henderson brought his first habeas corpus petition under 28 U.S.C. §

---

[1] Doc. 49.
[2] Doc. 46.
[3] Doc. 15-1, Ex. 3.
[4] Doc. 15-1, Ex. 8. *See also* Doc. 15-1, Ex. 9 (sentencing).
[5] Doc. 15-1, Ex. 20. Although Henderson did not timely appeal the 2010 state convictions, the Ohio Court of Appeals granted Henderson's September 2, 2010 motion for leave to file a delayed appeal. Doc. 15-1, Ex. 12.
[6] Doc. 15-2, Ex. 30.

2254.[7] This Court denied all grounds for relief and dismissed the § 2254 habeas petition.[8] The Court denied a certificate of appealability.[9]

The Sixth Circuit denied Henderson's request for a certificate of appealability and other relief and denied his request for rehearing *en banc*.[10]

On September 12, 2018, Petitioner Henderson filed a new motion seeking relief from the Court's order denying his habeas petition.[11] Although it was stylized as a Rule 60(b) motion, the Court construed his filing as a successive habeas petition and transferred it to the Sixth Circuit.[12] The Sixth Circuit denied Henderson's request to file a successive petition.[13]

On September 17, 2019 Petitioner filed the instant motion, again seeking relief from the Court's August 24, 2017 order denying his initial habeas petition.[14] Respondent Warden Lyneal Wainwright has not responded.

## II. Discussion

### A. Petitioner's Motion Is Properly Construed as a Habeas Petition

Petitioner Henderson seeks relief from the Court's August 24, 2017 decision denying his § 2254 habeas petition as to his state court convictions. He again claims that the state trial court lacked subject-matter jurisdiction over his state criminal case.[15]

Henderson uses the Rule 60(b) motion to again make his jurisdictional defect claim as to

---

[7] Doc. 1.
[8] Docs. 30 and 40. Prior to the Court's denial of his petition on the merits, Henderson successfully appealed this Court's denial of his habeas petition in relation to his 2010 conviction as time-barred. The Sixth Circuit upheld the denial of the portion of the habeas petition relating to the 2009 conviction. *Henderson v. Bunting*, No. 16-3337, Dkt. 21-1 (6th Cir. Apr. 14, 2017).
[9] Doc. 40.
[10] Docs. 42, 43. In applying for a certificate of appealability, Henderson asked the Sixth Circuit to vacate its earlier decision affirming the dismissal of his habeas petition as to the 2009 conviction and asserted a new ground for relief. Doc. 42 at 8.
[11] Doc. 44.
[12] Doc. 46.
[13] Doc. 47.
[14] Doc. 49.
[15] *Id.*

Case No. 1:14-cv-2257
Gwin, J.

the state convictions.[16]

Under Rule 60(b), federal courts have discretion to "relieve a party . . . from a final judgment, order, or proceeding" under certain circumstances. As a general matter, this rule may be used to remedy "some defect in the integrity of the federal habeas proceedings."[17] The potential bases for relief include, among others, fraud committed by an opposing party, a void judgment, and any other reason that justifies relief.[18]

Parties making a Rule 60 motion, however, may not use Rule 60(b) to "assert, or reassert, claims of error in [their] state conviction[s]," such as by using the motion to "attack[] the federal court's previous resolution of a claim *on the merits*."[19] This is because "alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."[20] Although labeled as a Rule 60(b) motion, such a motion is "in substance a successive habeas petition and should be treated accordingly."[21]

Because Petitioner Henderson uses the Rule 60(b) motion to claim that he is entitled to the Court's re-review of his first habeas petition's grounds, the Court treats Henderson's motion as a habeas petition.

B. **Petitioner Has Not Received a New Judgment**

Under 28 U.S.C. § 2244(b)(3), a prisoner seeking to file a second or successive habeas petition must first request an order from the court of appeals authorizing the district court to entertain the petition. If the prisoner instead files the successive petition in the district court, the district court must transfer the motion to the court of appeals.[22]

---

[16] Doc. 49 at 3.
[17] *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).
[18] Fed. R. Civ. P. 60(b)(3).
[19] *Gonzalez*, 545 U.S. at 532, 538.
[20] *Id.* at 532.
[21] *Id.* at 531.
[22] *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

Case No. 1:14-cv-2257
Gwin, J.

Henderson argues that the Supreme Court of Ohio rendered two "new judgments" relating to his case, and, under *In re Stansell*, he may bring a new habeas petition without it being considered successive.[23] In *In re Stansell* the Sixth Circuit held that a revised sentence was a new judgment that could serve as the basis for a new habeas petition without such petition being considered successive.[24]

The two allegedly new Ohio Supreme Court judgments are, in fact, not new, nor were they issued by the Ohio Supreme Court.[25] The Court of Appeals of Ohio, Eighth District, decided the matters in 2012 and 2014 respectively, before Henderson even filed his original habeas petition with this Court. In both opinions, the court overruled Henderson's assignments of error and affirmed the judgment against Henderson.[26] Additionally, in the 2014 opinion, the Ohio appellate court *sua sponte* found Henderson to be a vexatious litigant and prohibited him from filing any future proceedings with the court without first obtaining leave.[27]

Accordingly, Henderson has has not demonstrated that he has a new judgment to base a new habeas motion on, and he therefore has not met the requirement of *In re Stansell*.

Because Petitioner Henderson filed a successive habeas petition in this Court, the Court transfers his petition to the Sixth Circuit.

### Conclusion

For the reasons stated above, the Court construes Henderson's Rule 60(b) motion as a successive § 2254 habeas petition and **TRANSFERS** it to the Sixth Circuit for consideration.

---

[23] *Id.* at 1.
[24] *In re Stansell*, 828 F.3d 412, 416-17 (6th Cir. 2016).
[25] Doc. 49 at 1.
[26] *State v. Henderson*, No. 95655, 2012 WL 892905 (Ohio Ct. App. Mar. 15, 2012); *State v. Henderson*, No. 100374, 2014 WL 2466106 (Ohio Ct. App. May 29, 2014).
[27] *State v. Henderson*, No. 100374, 2014 WL 2466106 (Ohio Ct. App. May 29, 2014).

Case No. 1:14-cv-2257
Gwin, J.

    IT IS SO ORDERED.

    Dated: October 23, 2019            *s/       James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE